United States District Court
Southern District of Texas
FILED

SEP 10 2026

Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
ENTERED
September 10, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **LUIS LOZADA VELA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 7:26-CV-0357** |
| | § | |
| **MARWAYNE MULLIN, SECRETARY OF HOMELAND SECURITY,** | § | |
| | § | |
| | § | |
| | § | |
| **Respondent.** | § | |

## REPORT AND RECOMMENDATION

Petitioner LUIS LOZADA VELA, appearing through habeas counsel, has filed a *Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241* (the "Petition") (Dkt. No. 1), complaining that he was "wrongfully deported" from the United States while his appeal of an order of removal was pending before the Board of Immigration Appeals (the "BIA") (*id.* at 3, 7). In terms of relief, Petitioner seeks "[r]eturn to the United States . . . to prosecute his appeal." (*Id.* at 8).

Upon conducting an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts,[1] the Magistrate Judge ordered the Government to submit a response. (Dkt. No. 4). The Government responded by arguing that the Petition should be dismissed for lack of jurisdiction insofar as Petitioner was not "in custody" when he filed the Petition and to the extent that Petitioner's claim challenging his removal, as opposed to some manner of unlawful restraint, is not cognizable on habeas review. (Dkt. No. 5). Petitioner then filed a *Motion for Summary Judgment* (Dkt. No. 6), which has now been fully briefed (*see* Dkt. Nos. 6-3, 7, 10).

[1] Rule 1(b) of the Rules Governing Section 2254 Proceedings in the United States District Courts provides that those rules may apply to any petition for writ of habeas corpus, including those under § 2241.

This matter has been referred to the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1). Having considered the pleadings, the briefs, and the applicable law, the Magistrate Judge concludes that jurisdiction is lacking to consider the Petition. As such, the Magistrate Judge RECOMMENDS that the Petition (Dkt. No. 1) be DENIED, that the Motion for Summary Judgment (Dkt. No. 6) be DENIED, and that this case be DISMISSED.

## I. BACKGROUND

Petitioner is a citizen of Mexico who entered the United States on a nonimmigrant visa, overstayed, and was eventually detained by immigration officials and placed in removal proceedings. (*See* Dkt. No. 5-2; *see also* Dkt. No. 5-6 at 3; Dkt. No. 6-2 at 1).

On June 17, 2026, Petitioner appeared before an immigration judge for a removal hearing, where Petitioner was found removable and ordered removed. (Dkt. No. 5-1). Petitioner reserved the right to an appeal, and the removal order noted that an appeal was due no later than 30 days later, or July 17th. (*Id.* at 4). For reference, the filing of a timely, merits-based appeal with the BIA generally stays removal while an appeal remains pending. *See* 8 C.F.R. § 1003.6(a); *see also* *Silva v. United States*, 866 F.3d 938, 939 (8th Cir. 2017).

On July 15th, or two days before the appellate deadline, Petitioner's current counsel filed a notice of appeal on the merits of the order of removal. (Dkt. No. 10-1 at 1-5).

Through a letter dated July 17th, the BIA notified counsel that the notice of appeal had been rejected. (Dkt. No. 5-3). Apparently, counsel sought a fee waiver in connection with the filing of the appeal, but the BIA determined that Petitioner had sufficient funds to pay the filing fee. (*See id.* at 1). Nevertheless, the letter noted, consistent with 8 C.F.R. § 1003.8(a)(3), that Petitioner "ha[d] 15 days from the date of this notice to re-file the rejected [notice of appeal] with

the filing fee or new fee waiver request[,] and any applicable filing deadline [would] be tolled during the 15-day cure period." (*Id.*).

On July 20th, outside the original appeal period but within the 15-day cure period, counsel submitted a renewed notice of appeal and made a filing fee payment. (*See* Dkt. No. 5-4).

Through a letter dated July 28th, the BIA notified counsel that the notice of appeal was again rejected, this time because the fee amount had not been paid in full. (*Id.*).

On July 31st, or still within the 15-day cure period, counsel submitted a third notice of appeal together with the full fee, which filing was later acknowledged as having been received by the BIA. (Dkt. No. 10-1 at 6-8). Notably, it is unclear from the record—and Petitioner has not briefed—whether the automatic stay of removal was still in effect at the time of the filing of Petitioner's corrected notice of appeal. Indeed, although a timely notice of appeal of the merits will operate to automatically stay removal, Petitioner effected his notice outside the normal 30-day appellate period but during the 15-day cure period. Otherwise, there is nothing to suggest that Petitioner moved for a stay of removal when submitting his corrected notice of appeal. It bears noting that, in certain situations, such as where an alien moves for reconsideration of a removal order or to reopen an appeal, the alien must affirmatively move for a stay of removal. *See, e.g.*, 8 C.F.R. §§ 241.6, 1003.2(f), 1003.23(b)(1)(v), 1241.6.

Nevertheless, on August 4th, Petitioner was physically removed from the United States via air services on a *Warrant of Removal/Deportation*. (Dkt. No. 5-2).

On August 5th, counsel filed the Petition on Petitioner's behalf (Dkt. No. 1), arguing that Petitioner had been "wrongfully deported" while his appeal was pending before the BIA (*id.* at 3, 7) and requesting Petitioner's "[r]eturn to the United States . . . to prosecute his appeal" (*id.* at 8).

## II. LEGAL STANDARD

Section 2241 grants federal courts the authority to hear applications for habeas corpus by any prisoner who claims to be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c)(3); *Rasul v. Bush*, 542 U.S. 466, 473 (2004). The sole function of habeas is to grant relief from unlawful imprisonment or custody, thus it cannot be used properly for any other purpose, *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976), such as to challenge the conditions of confinement, *Cheek v. Warden*, 470 F. Supp. 3d 636, 637-38 (N.D. Tex. 2020). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, § 2241 confers jurisdiction upon the federal courts to hear habeas challenges brought by immigration detainees. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

The habeas statute invokes an "in custody" requirement, which is jurisdictional in nature and typically determined at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). "Although [a petitioner] need not be in actual physical custody to pursue a habeas action, there must be some type of restraint on the liberty of a person." *Merlan v. Holder*, 667 F.3d 538, 539 (5th Cir. 2011) (per curiam) (citing *Jones v. Cunningham*, 371 U.S. 236, 238-40 (1963)). In the immigration context, a petitioner who moves for habeas relief after their removal does not typically meet the "in custody" requirement. *See id.* (citing *Kumarasamy v. Att'y Gen.*, 453 F.3d 169, 173 (3d Cir. 2006)); *see also Patel v. U.S. Att'y Gen.*. 334 F.3d 1259, 1263 (11th Cir. 2003); *Meneses-Arrecha v. Warden*, 2026 WL 301484, at *1 (W.D. Tex. Feb. 3, 2026) (citing *Merlan*, 667 F.3d at 539); *Alomaisi v. Decker*, 2021 WL 611047, at *8-9 (S.D.N.Y. Jan. 27, 2021) (collecting cases), *report and recommendation adopted*, 2021 WL 3774117 (S.D.N.Y. Aug. 25,

2021). Absent physical custody, the petitioner must show that their removal was the result of "extreme circumstances," or that they are subject to restraints in their home country not experienced by other non-citizens without authorization to enter the United States. *See Merlan*, 667 F.3d at 539.

"Extreme circumstances" generally implicate either removal in violation of a judge's order or interference with the right to the effective assistance of counsel during the immigration proceedings. *See Hernandez Diaz v. U.S. Dep't of Homeland Security*, 2026 WL 1998748, at *2 n.5 (W.D. Penn. July 10, 2026) (collecting cases); *see also Ortiz v. Wolf*, 2020 WL 3791959, at *5 (D. Md. July 7, 2020) (collecting cases); *Nabeel v. Prendes*, 2012 WL 3731231, at *2 (N.D. Tex. Mar. 19, 2012), *report and recommendation adopted*, 2012 WL 3734428 (N.D. Tex. Aug. 28, 2012) (collecting cases). For example, in *Singh v. Waters*, 87 F.3d 346 (9th Cir. 1996), the petitioner was deported despite an immigration judge's stay order issued in part because the government had denied the petitioner access to their immigration file. *See id.* at 347-49. Also, in *Gutierrez v. Gonzales*, 125 F. App'x 406 (3d Cir. 2005), the petitioner was effectively prevented from filing for habeas review in advance of their removal insofar as their attorney affirmatively misrepresented that a request for review had previously been filed. *Id.* at 416.

As for "greater restraints," the issue is whether the United States is in a position to restrain a petitioner's liberty, not whether circumstances in the petitioner's home country restrain their liberty. *Nabeel*, 2012 WL 3731231, at *2 (quotations omitted and internal citation omitted) (citing *Patel*, 334 F.3d at 1263).

A petition under § 2241 may be denied without a hearing if the record conclusively shows that the petitioner is not entitled to relief. *See Jacobs v. Miles*, 104 F. App'x 431, 432 (5th Cir. 2004) (per curiam) (citing *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992)). A

hearing is not required where a habeas petition "raises only questions of law, or questions regarding the legal implications of undisputed facts." *Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989). Conclusory or speculative allegations do not require a hearing. *See United States v. Edwards*, 442 F.3d 258, 264 & 268 n.10 (5th Cir. 2006). Nor will such allegations give rise to a constitutional issue and thus a right to collateral relief. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam) (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)).

## III. ANALYSIS

Petitioner's claim that he was "wrongfully deported," as framed through the Petition and the Motion for Summary Judgment, is effectively conclusory. Petitioner does little more than state that he "timely appealed to the [BIA]" and "timely paid the appeal fee." (*See* Dkt. No. 6-3 at 1). In terms of his requested relief—that of his return to the United States—Petitioner merely cites to the recent Supreme Court case of *Noem v. Abrego Garcia*, 145 S.Ct. 1017 (2025), for the proposition that it is the government's policy to facilitate an alien's return to the United States where the alien was improvidently removed and their presence is necessary for continued administrative removal proceedings.[2] (*See id.* (citing *Noem*, 145 S.Ct. at 1019 (statement of Sotomayor, J., respecting the Court's disposition))).

[2] For reference, the policy in question dates to 2012 and provides in part as follows:

> Absent extraordinary circumstances, if an alien who prevails before the U.S. Supreme Court or a U.S. court of appeals was removed while his or her [petition for review] was pending, [U.S. Immigration and Customs Enforcement] will facilitate the alien's return to the United States if either the court's decision restores the alien to lawful permanent resident . . . status, or the alien's presence is necessary for continued administrative removal proceedings.

U.S. Immigration and Customs Enforcement, Directive 11061.1, Facilitating the Return to the United States of Certain Lawfully Removed Aliens, § 2 (Feb. 24, 2012).

In response, the Government argues that the court lacks jurisdiction over the Petition insofar as Petitioner had already been deported and was not "in custody" when counsel filed for habeas relief. (Dkt. No. 5 at 3-4; Dkt. No. 7 at 2). Even assuming Petitioner was in custody, the Government continues, Petitioner's claim is not cognizable because Petitioner challenges his removal from the United States and not his unlawful detention. (Dkt. No. 5 at 4 (citing *Cheek*, 470 F. Supp. 3d at 637-38 ("Petitioners' claims challenging unconstitutional conditions of confinement do not sound in traditional habeas corpus, even though they seek release from confinement."))). Otherwise, the Government takes the position that habeas jurisdiction is limited by 8 U.S.C. § 1252 of the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.* (the "INA"), which contains certain jurisdiction-stripping provisions that limit when and how federal courts may review immigration removal orders. (*Id.* at 4-5 (citing 8 U.S.C. § 1252(a)(5), (b)(9), (g))).

The Magistrate Judge specifically ordered Petitioner to reply to the Government's jurisdictional arguments. (Dkt. Nos. 8, 9). Petitioner cited again to *Abrego Garcia*, contending without elaboration that the district court retains jurisdiction "because his deportation was illegal and without legal authority." (Dkt. No. 10 at 1).

The Magistrate Judge concludes that jurisdiction is lacking over the Petition given the timing of Petitioner's request for relief. It is well-established that a petitioner who moves for habeas relief *after* removal does not typically meet the "in custody" requirement. *See Merlan*, 667 F.3d at 539. Otherwise, Petitioner does not show that he was removed under "extreme circumstances," or that he is subject to non-typical restraint by the United States in his home country. *See id.* In terms of extreme circumstances, Petitioner would note that he was removed during the pendency of his appeal to the BIA. Nevertheless, there is nothing in the record to

indicate that Petitioner's removal was contrary to the specific order of an immigration judge or other adjudicative body.[3] *See e.g.*, *Singh*, 87 F.3d at 347-49.

Assuming Petitioner was in custody when he filed for habeas review, jurisdiction is still lacking given the nature of Petitioner's challenge. This very issue is addressed in *Abrego Garcia*, the same case relied on by Petitioner in requesting that he be returned to the United States. The *Abrego Garcia* case involved an El Salvadorian national subject to a valid withholding-of-removal order predicated on the likelihood that he would face persecution in his home country. *Abrego Garcia v. Noem*, 777 F. Supp. 3d 501, 506-08 (D. Md. 2025). Despite the withholding-of-removal order, the plaintiff was detained by immigration authorities, boarded on a plane, and flown back to El Salvador, where he was held at a national terrorism confinement center pursuant to an agreement between the U.S. and El Salvadorian governments. *Id.* at 506-09. The entire process was plainly unlawful, as the plaintiff was removed without notice, legal process, or hearing. *Id.* The plaintiff and his family filed suit challenging the removal pursuant to the INA's detention and removal statute, or 8 U.S.C. § 1231(b)(3)(A), the Due Process Clause of the Fifth Amendment, and the Administrative Procedure Act. *Id.* at 510. In the alternative, they sought habeas relief under § 2241. *Id.* In contesting preliminary injunctive relief for the plaintiff's return to the United States, the government argued that, because the action sounded only in habeas and the plaintiff had failed to name the warden of the El Salvadorian confinement center as a defendant, the district court lacked jurisdiction. *Id.* The district court rejected the government's characterization as to the nature of the action, noting that the plaintiff "exclusively challenge[d] his lawless return to El

[3] There does not appear to be any Fifth Circuit authority applying the "extreme circumstances" doctrine to a situation involving a violation of the automatic stay of removal. Nevertheless, it remains an open question whether Petitioner was removed while the automatic stay was even in effect. As noted, counsel did not file a proper notice of appeal during the initial 30-day appeal period—when the automatic stay clearly applies—but during the 15-day cure period.

Salvador, not the fact of his confinement[,]" and that "[t]he removal itself lie[d] at the heart of the wrongs." *Id.* at 510-11. At the same time, the district court held that the plaintiff was likely to succeed on the merits of his other claims, such that he was entitled to preliminary injunctive relief. *See id.* at 515-19.

Here, Petitioner is not currently confined by immigration authorities, nor does Petitioner claim that he is currently subject in Mexico to any restraint at the hands of the United States. As such, Petitioner does not challenge the fact of any confinement, nor does he seek release from some sort of restraint over his person or liberty interests. Instead, Petitioner challenges the process by which he was "wrongfully deported" (Dkt. No. 1 at 7), while seeking that he be "returned" to the United States so he may prosecute his immigration appeal (*id.* at 8).[4] Given the circumstances of this case, then, the Petition does not sound in habeas.[5]

---

[4] This case can be distinguished from *Trump v. J.G.G.*, 604 U.S. 670 (2025) (per curiam), where several Venezuelan nationals sought relief from their imminent removal from the United States under the Alien Enemies Act of 1798. In *J.G.G.*, the Supreme Court reversed a temporary restraining order preventing the detainees' removal for lack jurisdiction because the case was a "core" habeas petition that should have been brought in the detainees' district of confinement. *Id.* at 671-72. In reaching this decision, the *J.G.G.* court recognized that, regardless of whether the detainees formally requested release from confinement, their claims for relief necessarily implied the invalidity of their confinement and removal. *Id.* at 672 (citing *Nance v. Ward*, 597 U.S. 159, 167 (2022)). The *J.G.G.* court further recognized that habeas corpus allowed remedies other than immediate physical release, such as the precluding of removal. *See id.* (citing *Peyton v. Rowe*, 391 U.S. 54, 67 (1968) (explaining that a capital prisoner may seek to overturn a death sentence as an analogy to release)). But where the detainees in *J.G.G.* were *confined* and sought to *prevent* their removal, Petitioner here does not face confinement because he has already been removed. What is more, the scope of Petitioner's challenge does not encompass the substantive basis for his prior detention. As in *Abrego Garcia*, Petitioner complains exclusively about the removal process.

[5] If anything, cases like *Abrego Garcia* suggest other avenues for relief available to Petitioner. *See, e.g., Abrego Garcia*, 777 F. Supp. 3d at 516-17. For its part, the Government points Petitioner to the immigration courts or the federal courts of appeals. (*See* Dkt. No. 5 at 4-5 (citing 8 U.S.C. § 1252(a)(5), (b)(9), (g))). Regardless, such matters will not be addressed here. Petitioner invokes relief specifically pursuant to § 2241, and because he is represented by counsel, Petitioner's pleadings are not subject to a more liberal construction. *See Neal v. Scott*, 2014 WL 1291833, at *13 (N.D. Miss. Mar. 31, 2014) (citing *Haines v. Kerner*, 404 U.S. 519 (1972)).

## IV. CONCLUSION

### *Recommendation*

For these reasons, the Magistrate Judge RECOMMENDS that the Petition (Dkt. No. 1) be DENIED, that the Motion for Summary Judgment (Dkt. No. 6) be DENIED, and that this case be DISMISSED.

### *Certificate of Appealability*

The Magistrate Judge does not address the issuance of a Certificate of Appealability because a Certificate of Appealability is not required to appeal a case brought pursuant to 28 U.S.C. § 2241. *Montano v. Texas*, 867 F.3d 540, 547 (5th Cir. 2017).

### *Notice to Parties*

Within fourteen (14) days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections within fourteen (14) days after service shall bar an aggrieved party from de novo review by the District Judge on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Judge, except on grounds of clear error or manifest injustice.

DONE at McAllen, Texas this 10th day of September 2026.

J. SCOTT HACKER
United States Magistrate Judge